# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| : | **CRIMINAL NO. 1:03-CR-360** |
| v.   : | |
| : | **(Judge Kane)** |
| **SYLVESTER MARTIN,** : | |
| **Defendant** : | |

## ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On June 3, 2005, over the Government's objection, this Court ordered Defendant released from custody pursuant to an Order Setting Conditions of Release. (Doc. No 105.) Presently before the Court is Defendant's motion for reconsideration, requesting that the provision of this Court's Order of June 3, 2005 requiring Defendant to undergo psychiatric evaluation and treatment be rescinded. Defendant argues that there is no basis in fact for such a requirement and also that the Court cannot order a mental health evaluation under 18 U.S.C. § 441 when no order for a competency hearing has been entered pursuant to the statute.  (Doc. No. 112).

The record amply reflects the basis for this Court's requirement that, as a condition of his release into the community pending disposition of a serious weapon charge, Defendant undergo psychiatric evaluation and any necessary treatment.[1]  Defendant has appeared before this court seven times in connection with the charge of Felon in Possession of a Firearm, in violation of 18 U.S.C. §

---

[1] The Court notes that for the crime with which Defendant is charged, there is a statutory presumption pursuant to 18 U.S.C. § 3142(e) that no condition or combination of conditions will adequately protect the community.  Defendant's extensive criminal record also weighs against his release.

922(g). On each occasion, Defendant has exhibited behavior that raises reasonable questions concerning the state of his mental health. At different court appearances, Defendant has appeared extremely late, apparently intoxicated, in possession of a prohibited item, and has been increasing argumentative and disruptive of proceedings, requiring the Court to threaten his removal by the U.S. Marshal. Defendant at times appears incapable of following the Court's simple instructions and incapable of completing a train of thought while addressing the Court.[2] Based on Defendant's mistrust of and refusal to cooperate with his court appointed attorneys, Defendant has caused the removal of three different attorneys. One attorney has reported to court personnel that Defendant violently cursed and threatened him. Defendant's conduct raises in the mind of the undersigned a real concern that Defendant is not simply "difficult" or distressed by the charges against him, but may, in fact be suffering from a mental impairment.

Defendant awaits trial on a serious charge that carries a mandatory fifteen year prison term. 18 U.S.C. § 924(e). On May 31, 2005, Defendant requested that his attorney be removed so that he may proceed pro se at trial. (Doc. No. 99.) The Court granted Defendant's request to remove his counsel, but appointed a new attorney from the CJA Panel while it considered Defendant's request to represent himself. Among the factors that this Court must consider in evaluating Defendant's request to self-represent is his state of mind and his competency to waive his right to the assistance of counsel. United States v. Stubbs, 281 F.3d 109, 118 (3d Cir. 2002); United States v. Welty, 674 F.2d 185, 188-89 (3d Cir. 1982). This Court cannot make an informed decision on Defendant's fitness to represent

---

[2] Defendant has also apparently been unable to adhere to court protocol elsewhere, having been twice held in contempt in two state courts.

himself without the opinion of a mental health expert. Such an evaluation will also assist the Court in determining whether Defendant represents a danger to the community. As such, a mental health evaluation is a necessary and appropriate condition of Defendant's release.

Pursuant to 18 U.S.C. § 4241, a court "shall order a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable . . . to assist properly in his defense." 18 U.S.C. § 4241(a). Moreover, "[p]rior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court . . . ." 18 U.S.C. § 4241(b).

In reviewing whether "reasonable cause" exists to believe Defendant may be suffering from a mental disease or defect, the Court is instructed to consider many factors, including "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." Drope v. Missouri, 420 U.S. 162, 180 (1975).

"[D]ue to the vicissitudes of all cases, a court must be cognizant that 'there are . . . no fixed or immutable signs which invariably indicate the need for [a competency hearing].'" U.S. v. Leggett, 162 F.3d 237, 242 (3d Cir. 1998) (quoting Drope, 420 U.S. at 180). In the above-captioned case, Defendant has filed multiple pro se motions complaining of judicial abuses by this Court and the Dauphin County courts. Defendant has also sought the removal of the last three court-appointed lawyers in his case, alleging in one instance that his attorney "was working with the prosecution" against him.[3] (Doc. Nos. 29, 32, 57.) During court proceedings, Defendant has repeatedly interrupted the

---

[3] The Court notes that Defendant also found inadequate the Dauphin County Assistant Public Defender who represented him in state court. (Doc. No. 29, Attached Complaint.)

Court, ignored the Court's instructions, and acted in a highly disruptive manner. Because of this behavior, the Court questions Defendant's competency and ability to assist properly in his own defense, especially as Defendant now seeks to act as his own attorney. Accordingly, reasonable cause exists for the competency hearing and Defendant's motion for reconsideration will be denied.

To the extent that Defendant also objects to the scheduling of the psychiatric examination prior to setting a date for the competency hearing, the Court does not read section 4241 as requiring the Court to set a hearing date prior to ordering an examination. Moreover, as noted above, a psychiatric examination is necessary to evaluate Defendant's continued release pending trial and his motion to proceed pro se. Qualified psychiatrists willing to conduct such examinations are not always readily available, and scheduling a hearing dependent upon an examination prior to knowing when the examination can be reasonably accomplished is illogical. The Court shall schedule a competency hearing once an examination has been conducted and a report is complete and ready for the Court's review.

**AND NOW**, this 3rd day of August, 2005, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration will be **DENIED**. (Doc. No. 112.)

 S/ Yvette Kane
Yvette Kane
United States District Judge

Date: August 3, 2005