IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff | : | Civil Action No. 1:03-cr-00360 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| SYLVESTER N. MARTIN, | : | |
|     Defendant | : | |

**MEMORANDUM**

Before the Court is an application to proceed *in forma pauperis* and to obtain several transcripts from trial proceedings, as well as a motion for extension of time to file a § 2255 petition, filed by Sylvester Martin ("Martin"), an inmate at the United States Penitentiary in Canaan. (Doc. Nos. 283, 284.) Although Martin requested to proceed *in forma pauperis*, he did not accompany the motion with an affidavit or application to proceed *in forma pauperis*, nor a certified statement of his prison account. Further, he did not detail the nature of the nature of the action he is investigating or how the transcripts are pertinent to that research.

**II.    Discussion**

    **A.    Motion to Proceed In Forma Pauperis**

As a preliminary matter, Martin has not submitted the required *in forma pauperis* form or affidavit and certified statement of his prison account, and therefore his motion to proceed *in forma pauperis* will be denied. An affidavit of poverty is required before the Court can grant a motion to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(2); M.D. Pa. L. R. 83.32.3. The statute governing petitions to proceed *in forma pauperis*, provides that a prisoner seeking leave to proceed *in forma pauperis* shall submit an affidavit stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). A

prisoner shall also "submit a certified copy of the trust fund and account statement (or the institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(a)(2). Likewise, the statute governing the payment of transcript fees in § 2255 actions, 28 U.S.C. § 753(f), specifies that such fees "shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Therefore, Martin must also submit a statement of the nature of his prospective motion so that the Court can determine whether or not it is of meritorious character, and whether the transcript is necessary.

As to the requirement that there be a statement regarding the nature of the case or its issues, few courts will demand that it be delivered with the fullness and precision of a formal pleading, especially in the case of *pro se* affiants who are generally spared the rigid standards imposed upon attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972))). Thus, the requirements for pro se affiants proceeding under § 1915(a) and, by analogy, §753(f), tend to be relatively relaxed. See also Gibson v. R.G. Smith Co., 915 F.2d 260, 263 (6th Cir. 1990); Schweitzer v. Scott, 469 F. Supp. 1017, 1019 (C.D. Cal. 1979). Nonetheless, *pro se* plaintiffs must "comply with the applicable rules of procedural and substantive law," Faretta v. California, 422 U.S. 806, 835 n.46 (1975), and a "paucity of detail would obviously render the complaint more vulnerable to dismissal." Gibson, 915 F.2d at 263.

Occasionally, in the absence of an adequate statement, a court can divine the nature of a case or its issues by looking beyond the motion to extrinsic evidence or other filings. United States v. Tapio, 991 F. Supp. 1144, 1146-47 (D.S.D. 1998) (finding satisfaction of the nature of petitioner's claims, though the prisoner's affidavit did not state the nature of the action being sought, where the "in forma pauperis declaration included as part of [a prisoner's] model motion"). Courts have seen fit to substitute the contents of post-trial motions and complaints for proper statements. E.g., Fiebelkorn v. United States, 77 Fed. Cl. 59 (2007) ("[S]tating the nature of plaintiff's action in a complaint, filed simultaneously with the Application, fulfills the requirements of the statute."); Pate v. Stevens, 163 F.3d 437, 439 (1998) ("[Petitioner's] motions for judgment as a matter of law and for a new trial presented clear arguments as to why he believed he was entitled to judgment [and, thus,] the district court was put on sufficient notice as to the issues [petitioner] intended to raise on appeal"). One circuit has even stated that "sometimes . . . the arguments to be advanced on appeal are so obvious that the district judge can make the determination under § 1915(a)(3) without the aid of a statement from the appellant." Hyche v. Christensen, 170 F.3d 769, 771 (1999) overruled on other grounds by Lee. v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

This Court cannot, however, grant Martin's petition even under the most lenient of these standards because Martin has given the Court no indication of the nature of the issues or nature of the action he intends to raise in his § 2255 motion or for which the transcripts are necessary. While this Court, like those in Tapio, Fiebelkorn, and Pate, would readily look elsewhere for the required information, there is no outside motion, complaint, or petition which provides insight

into the nature of his proposed action. Therefore, Martin's petition to proceed *in forma pauperis* will be denied.

B.      **Motion for Extension of Time**

On April 28, 2009, Martin filed a motion for a 60-day extension of time to file a § 2255 petition. (Doc. No. 284.) Martin cites the delay in ruling on his motion for transcripts to proceed *in forma pauperis*, as well as "'Extraordinary Circumstances' beyond the defendant's control making it 'Impossible' to file" as reasons for the extension. (Doc. No. 284, at ¶¶ 2-4.)

Congress has imposed a one-year statute of limitations period for prisoners filing motions for relief pursuant to 28 U.S.C. § 2255, which begins to run from "the date the judgment of conviction becomes final." 28 U.S.C. § 2255. This time limit has been interpreted as a statute of limitations, rather than a jurisdictional requirement, and is, therefore, subject to equitable considerations including equitable tolling. Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001); Moore v. United States, 173 F.3d 1131, 1134 (8th Cir. 1999). However, the Second Circuit specifically held that a Court may not take up the issue of an extension of time to file a § 2255 motion prior to the filing of such motion. Green, 260 F.3d at 82. The court reasoned that, prior to the filing of claim or petition, there is no case or controversy before a court, and therefore any ruling on the timeliness of such motion would be merely advisory. Id. The Second Circuit further held that, when the motion for an extension of time contains allegations sufficient to support a claim under § 2255, the motion may be treated as a substantive § 2255 motion and ruled on as such, including consideration of the timeliness issue. Id. at 83.

While the Third Circuit has not yet ruled on this issue, it demonstrated agreement with the underlying rationale of Green in an unreported case. Anderson v. Pennsylvania Attorney

General, 82 Fed.Appx. 745 (3d Cir. 2003) (unpublished opinion) (summarizing the Green opinion and concluding that the motion for extension of time in the pending case stated allegations that were sufficient to present a case or controversy to invoke the court's jurisdiction). Because there does not appear to be disagreement with the Second Circuit's reasoning, either by the Third Circuit or other appellate courts, this Court will apply the reasoning in Green to this case.

Martin makes no statement, however vague or conclusory, regarding the substance of his § 2255 claims. For this reason, the Court can neither transform his motion for extension of time into a § 2255 motion nor find that, absent such transformation, the motion sets forth grounds for relief sufficient to state a case or controversy. Accordingly, the Court lacks jurisdiction to rule on Martin's motion for extension of time and it will be denied without prejudice to renew upon the filing of a § 2255 motion.

### III.    Conclusion

In summary, Martin's motion to proceed *in forma pauperis* and for transcripts will be denied without prejudice to refile. If he chooses to refile, he must file the appropriate *in forma pauperis* affidavit with certification as to the amount in his prison account. He must also include a sufficiently definite statement of the grounds for relief upon which his § 2255 motion will lie and the reasons for which the transcripts are necessary to that motion.

Further, the motion for extension of time is denied for lack of jurisdiction; Martin must first file a § 2255 petition or allege facts sufficient to establish grounds for habeas relief before such motion can be assessed. An order consistent with this memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff | : | Criminal Action No. 1:03-cr-00360 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| SYLVESTER N. MARTIN, | : | |
|     Defendant | : | |

## ORDER

**AND NOW**, on this 21st day of May 2009, upon due consideration of Defendant's Application to Proceed In Forma Pauperis (Doc. No. 283) and Motion for Extension of Time (Doc. No. 284), for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Application to Proceed In Forma Pauperis (Doc. No. 283) is **DENIED**.

2. Defendant's Motion for Extension of Time (Doc. No. 284) is **DENIED.**

3. Defendant is entitled to refile either of the above motions pursuant to the terms stated in the accompanying memorandum.

 

s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania