IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 1:CR-03-00360 |
| v. : | |
| : | (Chief Judge Kane) |
| SYLVESTER MARTIN, : | |
| Defendant : | |
| : | |

### MEMORANDUM

Before the Court is Defendant Martin's "motion and other papers pursuant to F.R.Civ.P. Rule 7." (Doc. No. 293.) In the motion, Martin seeks 1) to receive legal documents, transcripts, and papers he has allegedly requested but never received, 2) a "forty-five day extension" to file an amended pleading, and 3) an order to receive all his "Legal Mail Certified in to be Docket in the legal Book." (Doc. No. 293.) For the reasons that follow, the motion will be granted in part and denied in part.

**I.    Request for Transcripts**

Martin requests a copy of the transcript of the March 17, 2006, pre-trial hearing at which the Court determined that he would represent himself at trial. (Doc. No. 224.) The Court liberally interprets Martin's motion as one seeking transcripts without payment of fees pursuant to 28 U.S.C. § 753(f).[1] Martin made a similar request prior to the filing of his § 2255 motion. (Doc. No. 283.) At the time of Martin's first request, no motion or appeal was pending, and Martin did not provide the Court either with a complete application to proceed *in forma pauperis* or with

---

[1] Title 28 U.S.C. 753(f) states that transcripts shall be furnished to § 2255 movants "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."

1

any statement from which it could determine whether the transcripts were needed to adjudicate an issue or appeal. For these reasons, the Court denied the motion. (Doc. No. 285.)

Martin has now filed a second request for transcripts, similarly barren of a statement or argument why such transcripts are necessary or relevant to a pending motion or appeal. Without a statement of the amended claim he seeks to bring with the aid of the transcripts, the Court cannot determine whether the transcript "is needed to decide the issue." For this reason, the request for a transcript of the March 17, 2006 pre-trial hearing (Doc. No. 224) will be held in abeyance pending Martin's submission of his amended § 2255 motion. At that time, if it appears that the amendments are not frivolous and that a transcript is necessary to determine the issue and to make a proper claim, the motion will be granted.

Turning to Martin's claims that he never received the notice of election sent on June 17, 2009, it is clear that his address was incorrectly docketed as USP - Lewisburg rather than USP - Canaan. This error has been corrected on the docket, and the Clerk of Court has regenerated all documents filed after Martin's § 2255 motion. These documents, including a copy of the order granting the United States an extension of time to respond to Martin's § 2255 motion, which Martin specifically requests in the motion pending before the Court, have been sent to Martin at USP-Canaan. The Court notes that Martin does not allege that he wishes to withdraw his motion or to have it interpreted as other than a motion filed pursuant to § 2255. Instead, he requests a forty-five day extension to amend or supplement his motion, which will be taken up in the next section.

Considering now Martin's request to receive a copy of a psychiatric evaluation conducted on or about August 4, 2005, and the court orders pertaining to the evaluation (Doc. Nos. 101,

103, 105, 138, 141), these documents do not appear to be relevant to any issues raised in Martin's § 2255 motion. If they appear to be relevant to Martin's amended § 2255 claims, as with the motion for transcript, the Court will grant Martin's motion for documents at that time.

Accordingly, the Court will reserve ruling on Martin's request for documents and transcripts until receipt of Martin's amended and supplemental pleadings.

## II. Motion to Amend or to Supplement Pleadings

Martin moves for an "Injunction Restore Status Quo Ante, to restore a 45 days to file a rule 15 (a) the Amended and Supplemental pleading." (Doc. No. 293 at 1.) The Court interprets this as a motion to amend or supplement his § 2255 motion.

It is clear that "[t]he Federal Rules of Civil Procedure apply to motions to amend habeas corpus motions." United States v. Duffus, 174 F.3d 333, 336 (3d Cir. 1999). Yet, once the one-year statute of limitations imposed on a movant by AEDPA has passed, a new claim may only be raised in an amended motion if it "arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Hodge v. United States, 554 F.3d 372, 377 (3d Cir. 2009) (quoting United States v. Thompson, 221 F.3d 430 (3d Cir. 2000)). In other words, any claim added by Martin must be "tied to a common core of operative facts" for it to relate back to the filing date of his initial § 2255 motion. Id. (quoting Mayle v. Felix, 545 U.S. 644, 664 (2005)).

Martin's motion to amend does not specifically state the additional claims or facts he seeks to add to his § 2255 motion, making it difficult for the Court to determine whether the additional claims are part of the common core of operative facts of his initial § 2255 motion. Without the proposed amendments before the Court, the Court cannot definitively determine

3

whether the amendments do arise from the same conduct, transaction, or occurrence as Martin's previously-filed claims.

Accordingly, the Court will stay the disposition of Martin's § 2255 motion for forty-five days so that Martin can file his amended pleading. The Court will reserve ruling on the issue of whether the amendments or supplementation will be accepted until the Court has had an opportunity to review such amendments. If the Court finds that the amendments to his § 2255 motion do not relate back to the initial claims, it will consider at that point whether equitable tolling is appropriate in light of Martin's claim that he did not receive the Miller-Mason notice in a timely fashion. If the Court finds that the amendments are colorable, the Court will direct the United States to respond to the supplemental claims at that time.

### III. Certification of Legal Mail

Last, Martin requests an "Injunction Order to receive all my Legal Mail Certified in to be Docket in the legal Book when I received it." (Doc. No. 293 at 1.) To receive an injunction, a party must show that 1) he is likely to succeed on the merits, 2) irreparable harm will result if the request is denied, 3) granting the injunction will not result in harm to the opposing party, and 4) the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1998). Martin argues that "the Clerk of the Courts is trying to deliberately with-hold crucial Court Orders to deny the petitioner access to the courts." (Doc. No. 293 ¶ 1.)

Martin is correct that mail was previously being sent to his prior address at USP - Lewisburg, which may have prevented him from timely receipt of filings. The Court has, however, corrected the address to ensure that filings are now being sent to Martin at his proper address, USP - Canaan. There is no indication that he will not receive legal mail in the future or

that he will be harmed by receiving mail through the prison system as all other § 2255 movants do. There being no other apparent reason to require certification of all mail sent to Martin, Martin's motion for an injunction to receive his mail through a certified process will be denied.

## IV.     Conclusion

In conclusion, the Court finds that Martin's motion will be granted in part and denied in part. Martin is directed to file all amended and supplemental § 2255 claims within 45 days of the date of this memorandum and order, during which time all proceedings regarding his pending § 2255 motion will be stayed. Upon receipt of Martin's amended § 2255 motion, the Court will determine whether Martin's request for transcript and other pre-trial documents will be granted, as well as whether the amended claims can be accepted as timely filed. Martin's request to receive all his mail via certified mail will be denied.

An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 1:CR-03-00360 |
| v. : | |
| : | (Chief Judge Kane) |
| SYLVESTER MARTIN, : | |
| Defendant : | |
| : | |

## ORDER

**AND NOW**, this 14th day of January 2010, upon consideration of Martin's "motion and other papers pursuant to F.R. Civ. P. Rule 7" (Doc. No. 293), **IT IS HEREBY ORDERED** that the motion is **granted** in part and **denied** in part.

1. Martin's request for an "injunction to receive all [his] Legal Mail Certified" is **denied.**

2. Martin is directed to file any and all potential supplemental § 2255 claims on or before Friday, February 26, 2010.

3. Upon receipt of Martin's amended and supplemental claims, the Court will rule on Martin's request for transcripts, request for other pretrial documents, and whether the amended claims will be accepted.

                                                                       S/ Yvette Kane
                                                                        Yvette Kane, Chief Judge
                                                                        United States District Court
                                                                        Middle District of Pennsylvania